UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANTHONY WORLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:04-cv-1670-TAB-JDT |
| | ) | |
| DONNELL BAKER, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON HERTZ CORPORATION'S MOTION TO DISMISS
AND PLAINTIFF'S MOTION FOR DETERMINATION OF CHOICE OF LAW**

**I.     Introduction.**

While riding his motorcycle in Indianapolis, Plaintiff Anthony Worley collided with a vehicle leased in Maryland by a third party and driven by Defendant Donnell Baker.  Defendant Hertz Corporation owned the leased vehicle and is self-insured for all relevant purposes.  Plaintiff brought this diversity action originally against Baker only.  He later amended his complaint to add Hertz as a Defendant.  In response, Hertz moved to dismiss Plaintiff's complaint against it.  [Docket No. 35.]  For the reasons set forth below, Hertz's motion to dismiss is GRANTED.  In the midst of briefing Hertz's motion, Plaintiff filed his motion for determination of choice of law.  [Docket No. 41.]  The dismissal of Hertz as a party from this action moots Plaintiff's motion and thus it is DENIED.

**II.     Discussion.**

Hertz moves to dismiss Plaintiff's amended complaint against it pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. [Docket No. 35.] "A motion under Rule 12(b)(6) challenges the sufficiency of the complaint." *Cler v. Illinois Educ. Ass'n.*, 423 F.3d 726, 728 (7th Cir. 2005). This means that "dismissal under Rule 12(b)(6) is only appropriate when there is no possible interpretation of the complaint under which it can state a claim." *Flannery v. Recording Industry Ass'n of America*, 354 F.3d 632, 637 (7th Cir. 2004).

Plaintiff's amended complaint is premised on two theories of liability: (1) negligence against Baker; and (2) self-insurer liability against Hertz. [Docket No. 25.] Plaintiff clarified that Count I of his complaint pertains solely to Baker and not to Hertz. [Docket No. 40, p. 2.] Thus, the Court need only address Hertz's arguments in favor of dismissing Count II.

The parties agree that a plaintiff may not bring a direct action against an alleged tortfeasor's insurer premised on the actions of its insured. [Docket No. 35, pp. 3-4; Docket No. 40, p. 2.] *See South Bend v. Century Indemnity Co.*, 821 N.E.2d 5, 9 (Ind. Ct. App. 2005) ("The 'direct action rule' bars a party from pursuing a claim based on the actions of an insured directly against the insurer."); *Howard v. Montgomery Mutual Ins. Co.*, 805 A.2d 1167, 1170 (Md. Ct. App. 2002) (recognizing that Maryland law precludes direct actions against an insured's insurer prior to entry of judgment against the insured). Plaintiff asserts that his claim against Hertz is sufficient, however, because Indiana and Maryland law "permit direct actions against insurers involving uninsured motorist coverage." [Docket No. 40, pp. 2-3] Consequently, Plaintiff points to authority involving uninsured motorists that permit an action against the insurer. [*Id*.; Docket No. 60, p. 2.] Alternatively, Plaintiff seeks leave to amend his complaint to include a

declaratory judgment cause of action against Hertz. [Docket No. 40, p. 4.]

Hertz contends that Plaintiff's claim against it is "fatally flawed" because Baker is not uninsured. In fact, Hertz represents that it, being self-insured, is providing primary liability coverage for Baker. [Docket No. 49, p. 1.] With respect to Plaintiff's request to amend his complaint, Hertz argues that no such amendment is necessary since it admits its obligation to indemnify Baker for any adjudicated liability. [Docket No. 49, pp. 3-4.] Having no information to the contrary before it, the Court finds that Plaintiff's action is a direct action against an insurer [Hertz] based on the actions of its insured [Baker]. Plaintiff's claim against Hertz is not one in which he seeks uninsured motorist benefits from his own insurance company, which -- as the cases cited by Plaintiff illustrate -- would be permitted. Consequently, Hertz is dismissed from this action.

Plaintiff requests that the Court, in the alternative to denying Hertz's motion to dismiss, grant him leave to amend his complaint to include a declaratory judgment action. [Docket No. 41, p. 4.] He seeks such leave for the purpose of clarifying Hertz's obligations should Baker be found negligent in the underlying action. However, there is no dispute that Hertz is obligated to indemnify Baker for any adjudicated liability. Thus, the Court denies as unnecessary Plaintiff's request for leave to amend his complaint for the purpose of including a declaratory judgment claim.

### III.   Conclusion.

For the reasons stated above, Defendant Hertz's motion to dismiss [Docket No. 35] is GRANTED.  Plaintiff's motion for a determination of choice of law [Docket No. 41] is thus denied as moot.

Dated:    04/24/2006

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies:

Nicholas Ward Levi
KIGHTLINGER & GRAY
nlevi@k-glaw.com

Michael Edward Morken
mmorken@hotmail.com

James William Roehrdanz
KIGHTLINGER & GRAY
jroehrdanz@k-glaw.com

Joseph Stalmack
JOSEPH STALMACK & ASSOCIATES
stalmack@jsalegal.com