UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTHONY WORLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:04-cv-1670-TAB-JDT |
| ) | |
| DONNELL BAKER, et al. ) | |
| ) | |
| Defendants. ) | |

**ENTRY FOLLOWING JUNE 28, 2006 STATUS CONFERENCE
AND SCHEDULING ORDER**

The parties and former party Hertz Corporation appeared by counsel on June 28, 2006 for a telephonic status conference regarding Hertz Corporation's motion to clarify order [Docket No. 63], or in the alternative to certify order for appeal [Docket No. 67], and Plaintiff's motion to compel discovery [Docket No. 70].  Hertz seeks clarification of the Court's April 24 order granting Hertz's motion to dismiss Plaintiff's complaint against it and denying Plaintiff's motion to amend its complaint.  [Docket No. 63.]  Specifically, Hertz wants to know the meaning of the Court's invocation of Hertz's statement that it is obligated to indemnify Baker for adjudicated damages.  [*Id.*, p. 3.]  Plaintiff opposes this motion.  [Docket No. 65.]  In the alternative, Hertz moves this Court to certify its April order for interlocutory appeal.  [Docket No. 67.]

Hertz's requests are curious considering that the Court granted Hertz the relief it sought and in so doing cited to Hertz's own language.  Nonetheless, this choice of words has little bearing on the Court's reasoning or outcome of the previous motions before it.  The Court found Hertz entitled to dismissal of the complaint against it due to its contractual status as Baker's

insurer and Plaintiff's failure to articulate a cognizable theory of relief against Hertz.[1]  Hertz admits that should Plaintiff ultimately prevail Hertz is liable for its policy limits of $25,000.  The Court, by way of its April order, in no way opined that Hertz must pay any greater amount.  In this respect, the Court **GRANTS** Hertz's motion to clarify [Docket No. 63].  Accordingly, Hertz's alternative motion to certify the April order [Docket No. 67] is **DENIED** as moot.

Plaintiff has moved the Court to compel Defendant Donnell Baker's more complete answer to an interrogatory that seeks the complete names and addresses of the passengers in his vehicle at the time of the accident.  [Docket No. 70.]  Plaintiff has not, however, demonstrated how Baker's interrogatory response is incomplete or evasive such as to entitle him to the relief he seeks.  Plaintiff's counsel further acknowledges that there are other untried means to obtain the information he seeks.  In light of these circumstances, Plaintiff's motion to compel [Docket No. 70] is **DENIED**.

Finally, this cause is set for a final pretrial conference before the undersigned at **1:30 p.m. on March 9, 2007 Room 234**, Birch Bayh Federal Building and United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana.  This cause is set for a jury trial at **9:30 a.m. on March 20, 2007 Room 238**, Birch Bayh Federal Building and United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana.

Dated: June 29, 2006

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

---

[1] Plaintiff's attempt to put forth a viable theory of relief against Hertz is significantly foreclosed by the Indiana Supreme Court's recent rejection of Plaintiff's argued theory of liability. *See Northern Indiana Public Service Co. v. Bloom*, 847 N.E.2d 175 (Ind. 2006).

2

Copies:

Nicholas Ward Levi
KIGHTLINGER & GRAY
nlevi@k-glaw.com

Michael Edward Morken
mmorken@hotmail.com

James William Roehrdanz
KIGHTLINGER & GRAY
jroehrdanz@k-glaw.com

Joseph Stalmack
JOSEPH STALMACK & ASSOCIATES
stalmack@jsalegal.com